985 F.2d 560
 143 L.R.R.M. (BNA) 2304
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
INTERNATIONAL DOOR, INC., Respondent.
 No. 92-5180.
 United States Court of Appeals, Sixth Circuit.
 Jan. 13, 1993.
 
 Before MERRITT, Chief Judge, and RALPH B. GUY, Jr. and RYAN, Circuit Judges.
 MERRITT, Chief Judge.
 
 
 1
 This appeal comes before the Court under 29 U.S.C. § 160(e) upon the application of the National Labor Relations Board (NLRB) for enforcement of its bargaining order against International Door, Inc., a Michigan manufacturer and assembler of industrial doors. A three judge panel of the NLRB adopted the administrative law judge's (ALJ) proposed order, requiring International Door to cease and desist from specified unfair labor practices and to recognize and bargain with Local 508, International Association of Bridge, Structural and Ornamental Iron Workers, AFL-CIO ("the Union"), as the exclusive bargaining representative of its production and maintenance employees. International Door challenges the order, arguing that there was not enough evidence to support the ALJ's findings of unfair labor practices under §§ 8(a)(1), (3) and (5) of the National Labor Relations Act, 29 U.S.C. § 151, et seq. ("the Act"), and that a bargaining order was an inappropriately harsh remedy even if it did commit unfair labor practices.
 
 
 2
 We review an NLRB order under an abuse of discretion standard using a substantial evidence test. See, e.g., N.L.R.B. v. Valley Plaza, Inc., 715 F.2d 237, 242 (6th Cir.1983). "In determining whether that standard has been met, the factual findings of the ALJ are to be examined for 'reasonableness' ... and credibility determinations must be accepted unless it is clear that there is no rational basis for them." Id.
 
 
 3
 The ALJ wrote a lengthy and comprehensive decision in which he outlined the evidence and assessed the credibility of numerous witnesses. Based on a careful analysis of the evidence, the ALJ found that International Door had committed numerous and severe unfair labor practices, including, but not limited to, refusing to bargain with the Union after it was duly authorized by the employees to represent them, threatening plant closure if workers unionized, and discharging employees for union activities. Because we find no lack of substantial evidence to support these findings, we affirm the ALJ's findings that International Door violated §§ 8(a)(1), (3) and (5) of the Act.
 
 
 4
 The NLRB has "primary responsibility and broad discretion to devise remedies that effectuate the policies of the Act, subject only to limited judicial review." N.L.R.B. v. Joyce Western Corp., 873 F.2d 126, 128 (6th Cir.1989) (citing Sure-Tan, Inc. v. N.L.R.B., 467 U.S. 883, 898-99 (1984)). In N.L.R.B. v. Gissel Packing Co., the Supreme Court held that a bargaining order is a proper remedy when "an employer has committed independent unfair labor practices which have made the holding of a fair election unlikely or which have in fact undermined a union's majority and caused an election to be set aside." 395 U.S. 575, 610 (1969). We have established three requirements for a Gissel order to be upheld:
 
 
 5
 1. The Union in fact has obtained authorization cards from a majority of employees in an appropriate bargaining unit without misrepresentations or other unfair practices on its part and has requested bargaining;
 
 
 6
 2. The employer has dissipated significantly the Union's majority by the commission of section 8(a)(1) violations; and
 
 
 7
 3. A fair election cannot be had under all the circumstances of the particular case.
 
 
 8
 M.P.C. Plating, Inc. v. N.L.R.B., 912 F.2d 883, 888 (6th Cir.1990) (citing Indiana Cal-Pro, Inc. v. N.L.R.B., 863 F.2d 1292, 1300 (6th Cir.1988)). In deciding to issue a Gissel bargaining order, "the Board must make factual findings and must support its conclusion that there is a causal connection between the unfair labor practices and the probability that no fair election could be held." Id.
 
 
 9
 The Board has covered and analyzed each element of the M.P.C. Plating test in issuing the bargaining order. The parties do not dispute that the Union obtained authorization cards from a majority of the bargaining unit employees fairly. We have already noted that the ALJ's unfair labor practice findings are supported by substantial evidence, and the Board was justified in finding that these unfair labor practices undermined the Union's majority. The Board also provided a well-reasoned analysis of why International Door's multiple unfair labor practices foreclosed the possibility of a fair election.
 
 
 10
 We find no error in the NLRB's decision to order International Door to bargain with the Union. Accordingly, the Board's Order is enforced in its entirety.